{¶ 56} I respectfully dissent. Although the Supreme Court of Ohio has held that the lack of a written waiver of counsel under Crim.R. 44(C) may be harmless error, it is only harmless error if the trial court made a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel. In the present case, the trial court failed to engage in the necessary colloquy to ensure that appellant's waiver of counsel was knowingly, intelligently, and voluntarily made. At no time during the many conversations between the court and appellant regarding his representation, did the trial court inquire as to appellant's understanding of the charges against him and the possible penalties he faced. Additionally, the trial court neglected to adequately inform appellant of the perils of self-representation. I would sustain appellant's first assignment of error and overrule appellant's ninth assignment of error with regard to the sufficiency argument. I would hold that appellant's remaining assignments of error are moot.